IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

PETER BJERKE,

                                                        ORDER
                    Plaintiff,
                                                        16-cv-748-bbc
          v.

MESSERLI & KRAMER, P.A.,

                    Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Before the court in this matter are two motions arising from defendant Messerli & Kramer, P.A.'s failure to timely file its answer to plaintiff Peter Bjerke's amended complaint. Plaintiff has filed a motion for entry of default, dkt. #47, which I am denying, and defendant has filed a motion for leave to file its answer, dkt. #51, which I am granting.

On July 5, 2017, the court issued an opinion and order granting in part and denying in part defendant's motion to dismiss plaintiff's amended complaint. Dkt. #46. Under Federal Rule of Civil Procedure 12(a)(4)(A), defendant should have then filed a responsive pleading within 14 days after notice of that order. It failed to do so. On July 24, 2017, plaintiff filed a motion requesting that the court issue a default judgment against defendant for failing to timely file a responsive pleading. On July 25, defendant filed a motion for leave to file an answer, along with its proposed answer and a declaration by counsel explaining that defendant missed its deadline inadvertently because counsel mistakenly believed it had 21 (instead of 14) days to file the answer. Dkt. #52.

1

"A default judgment is a sanction for misconduct during the litigation." Sims v. EGA Products, Inc., 475 F.3d 865, 868 (7th Cir. 2007). The Seventh Circuit "has a well established policy favoring a trial on the merits over a default judgment," and the latter "should be used only in extreme situations, or when other less drastic sanctions have proven unavailing. . . . [I]t is a weapon of last resort, appropriate only when a party wilfully disregards pending litigation." Sun v. Board of Trustees of University of Illinois, 473 F.3d 799, 811-12 (7th Cir. 2007). See also Calumet Lumber, Inc. v. Mid-America Industrial, Inc., 103 F.3d 612 (7th Cir. 1997); Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc., 28 F.3d 42, 45 (7th Cir. 1994); C.K.S. Engineers, Inc. v. White Mountain Gypsum Co., 726 F.2d 1202, 1205 (7th Cir. 1984).

Plaintiff has offered no evidence and made no argument that defendant has willfully disregarded pending litigation or committed any misconduct of that nature. To the contrary, defendant has been actively litigating this matter, and is still engaged in communications with plaintiff to move the case along. Counsel for the parties have apparently been in continuous communication regarding discovery, mediation and potential settlement of this matter since the court's July 5 order. Far from an "extreme" situation of any sort, this seems to be a situation where an otherwise engaged and complying party missed one deadline because of the inadvertence of its counsel, which then promptly took steps to attempt to correct its error. Plaintiff requests a default judgment as a remedy for the mere fact of the missed deadline, even though it resulted in only a six day delay. Plaintiff has not even alleged that he suffered any prejudice as a result, so such an extreme remedy would be

2

unwarranted in these circumstances. Accordingly, plaintiff's motion is denied.

Because there is no basis for entering a default judgment, and for the same reasons, defendant will now be allowed to file a late answer. Clearly, whatever the exact reason or explanation for the inadvertence, missing a filing deadline is a serious mistake and defendant's counsel should have been more diligent. However, there is no allegation of bad faith, the error was limited in scope, defendant's counsel acted promptly to remediate the problem and the short resulting delay has not prejudiced plaintiff or had any significant impact on these proceedings. In these circumstances, defendant's neglect may be considered excusable. In the interests of justice, therefore, I will grant defendant leave to file its answer.

## ORDER

IT IS ORDERED that

1.    Plaintiff Peter Bjerke's motion for entry of default, dkt. #47, is DENIED.

2.    Defendant Messerli & Kramer, P.A.'s motion for leave to file its answer, dkt. #51, is GRANTED.

Entered this 28th day of July, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge